UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

CHRISTOPHER E. BROWN,
an individual,

       Plaintiff,

vs.

J & R ELECTRONICS INC.,
a New York Corporation,

       Defendant.

---------------------------------------------------------x

CASE NO.: 08-CV-4289

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues J & R ELECTRONICS INC., a New York Corporation, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq. ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq, and N.Y. Exec. § 296(2)(a) and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq., and N.Y. Exec. § 29 et. seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a

1

resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, the Defendant J & R ELECTRONICS INC., a New York Corporation, (hereinafter referred to as "J & R ELECTRONICS") is the owner, lessee, and/or operator of the real property and improvements which is the subject of this action, to wit: the "Properties," located at 1, 15, 17, 23, 25, 27, 31, and 33 Park Row, New York, New York 10038.

7. All events giving rise to this lawsuit occurred in the Southern District of New York, in the County of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Properties are a public accommodation, subject to the ADA, located at 1, 15, 17, 23, 25, 27, 31, and 33 Park Row, New York, New York 10038.

10. Between January 2006 and the present, MR. BROWN visited the Properties, located at located at 1, 15, 17, 23, 25, 27, 31, and 33 Park Row, New York, New York 10038, numerous times.

11. During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph

14 of this Complaint.

12. MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. BROWN intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia*, the following violations:

   A. inaccessible checkout counters due to excessive heights;

   B. inaccessible restrooms;

   C. inaccessible ramps throughout the facility due to excessive slopes and lack of handrails;

   D. lack of signage throughout the facility;

   E. inaccessible elevators;

   F. inaccessible entrances to the facility

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services,

3

facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205

WHEREFORE, the Plaintiff demands judgment against J & R ELECTRONICS, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated J & R ELECTRONICS is in violation of the ADA;

    B. That the Court enter an Order directing J & R ELECTRONICS to

    alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing J & R ELECTRONICS to evaluate and neutralize it's policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAW

22. Plaintiff realleges and reavers Paragraphs 1 - 21 as if they were expressly restated herein.

23. New York law states that "[a]ll persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodation..." N.Y. Civ. Rights § 40.

24. New York law prohibits "any person ... because of the race, creed, color, national origin, sexual orientation, military status, sex, or disability or marital status of any person, directly or indirectly... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof ..." N.Y. Exec. § 296(2)(a).

25. A place of public accommodation "shall de deemed to include... retail stores and establishments..." N.Y. Civ. Rights § 40.

26. Defendant's store, J & R ELECTRONICS is a public accommodation as defined in § 40.

27. N.Y. Civ. Rights § 40-d states "Any person who shall violate any of the provisions of the foregoing section,... or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside. In addition, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a class A misdemeanor."

28. Plaintiff, MR. BROWN visited Defendant's Properties and encountered the discriminatory barriers discussed in allegation 14 of this Complaint and seeks minimum statutory damages under § 40-d.

29. Further, Mr. Brown, through his attorneys has served notice upon the attorney general of New York as required by the statute.

30. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, J & R ELECTRONICS has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, MR. BROWN, because of his disability, the full and equal enjoyment of its stores.

31. Plaintiff, MR. BROWN, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

WHEREFORE, the Plaintiff respectfully requests that this Court award statutory damages pursuant to N.Y. Civ. Rights § 40-d, and award Plaintiff's attorney's fees, costs, and expenses incurred in prosecuting this action.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512

By: _____
KU & MUSSMAN, P.A.
Attorney for Plaintiff
J. Justin Griffin, Esq.
Of Counsel
176 Route 304, 2nd Floor
Bardonia, NY 10954
Tel: (845) 623-8071
Fax: (845) 623-8072
jjg10@hotmail.com
Bar ID No.: JG4808