UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| CHRISTOPHER E. BROWN, an individual, | |
| Plaintiff, | 08 CV 04289 (SHS) |
| -against- | ECF CASE |
| J&R ELECTRONICS INC., a New York Corporation, | |
| Defendant | |

------------------------------------------------------------X

## ANSWER TO COMPLAINT

Defendant J&R Electronics Inc. (hereinafter "J&R"), by its attorneys Moss & Boris, P.C., for its answer to the Complaint of Christopher E. Brown (hereinafter "Brown"), avers and states:

## JURISDICTION AND PARTIES

1.  With respect to the allegations contained in the first sentence of paragraph 1 of the Complaint, J&R denies that Brown is entitled to damages pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq. (hereinafter referred to as the "ADA"), and otherwise avers that the allegations in this sentence call for a legal conclusion and that no response is required. In response to the allegations contained in the second sentence of paragraph 1 of the Complaint, J&R admits that the Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 of Brown's cause of action asserted under the ADA, and further avers that the Court is vested with jurisdiction pursuant to 28 U.S.C. § 1367(a) over Brown's cause of action asserted under the New York Civil Rights Law (hereinafter referred to as the "NYCRL").

2.  J&R admits the allegations contained in paragraph 2 of the Complaint.

1

3. In response to the allegations contained in paragraph 3 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

4. In response to the allegations contained in paragraph 4 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

5. In response to the allegations contained in paragraph 5 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

6. In response to the allegations contained in paragraph 6 of the Complaint, J&R admits that it is a New York Corporation and is the lessee and/or operator of all or part of the real property and improvements located at 1, 15, 17, 23, 25, 27, 31, and 33 Park Row, New York, New York 10038 (referred to hereinafter as the "Properties"). J&R denies that it is the owner of any of the properties identified in paragraph 6 of the Complaint.

7. J&R admits the allegations contained in paragraph 7 of the Complaint.

## COUNT 1 – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. In response to the allegations contained in paragraph 8 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 7 of the Complaint as if set forth in full herein.

9. J&R admits the allegations contained in paragraph 9 of the Complaint.

10. In response to the allegations contained in paragraph 10 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

11. In response to the allegations contained in paragraph 11 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

12. In response to the allegations contained in paragraph 12 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

13. In response to the allegations contained in paragraph 13 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph, except that J&R denies that there exist at any place on the Properties barriers to Brown's access as alleged in the Complaint.

14. J&R denies each and every allegation contained in paragraph 14 of the Complaint.

15. J&R denies each and every allegation contained in paragraph 15 of the Complaint. Further answering this paragraph, J&R states that Brown shall be provided with appropriate opportunity for discovery related to this action, including inspection of J&R's premises, consistent with the Federal Rules of Civil Procedure and the Civil Rules of the Court.

16. J&R denies each and every allegation contained in paragraph 16 of the Complaint.

17. J&R denies each and every allegation contained in paragraph 17 of the Complaint.

18.   J&R denies each and every allegation contained in paragraph 18 of the Complaint.

19.   J&R denies each and every allegation contained in paragraph 19 of the Complaint.

20.   In response to the allegations contained in paragraph 20 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

21.   In response to the allegations contained in paragraph 21 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of that paragraph. J&R denies each and every allegation contained in the second sentence of that paragraph.

Further, J&R denies each and every allegation or claim set forth in the "WHEREFORE" paragraph that follows paragraph 21 of the Complaint, including each claim asserted therein for relief under each of the statutes referenced in this "prayer for relief."

## COUNT II-VIOLATION OF THE NEW YORK CIVIL RIGHTS LAW

22.   In response to the allegations contained in paragraph 22 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 21 of the Complaint as if set forth in full herein.

23.   In response to the allegations contained in paragraph 23 of the Complaint, J&R admits that Section 40 of the NYCRL states the words quoted in this paragraph of the Complaint, and otherwise avers that this paragraph does not allege matters to which any response is required.

24. In response to the allegations contained in paragraph 24 of the Complaint, J&R admits that Section 296(2)(a) of the New York State Human Rights Law states the words quoted in this paragraph of the Complaint, and otherwise avers that this paragraph does not allege matters to which any response is required.

25. In response to the allegations contained in paragraph 25 of the Complaint, J&R admits that Section 40 of the NYCRL states the words quoted in this paragraph of the Complaint, and otherwise avers that this paragraph does not allege matters to which any response is required.

26. J&R admits the allegations contained in paragraph 26 of the Complaint.

27. In response to the allegations contained in paragraph 27 of the Complaint, J&R admits that Section 40-d of the NYCRL states the words quoted in this paragraph of the Complaint, and otherwise avers that this paragraph does not allege matters to which any response is required.

28. J&R denies each and every allegation contained in paragraph 28 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph that Brown visited J&R's Properties and that Brown seeks "minimum statutory damages under § 40-d".

29. In response to the allegations contained in paragraph 29 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

30. J&R denies each and every allegation contained in paragraph 30 of the Complaint.

31. J&R denies each and every allegation contained in paragraph 31 of the Complaint.

Further, J&R denies each and every allegation or claim set forth in the "WHEREFORE" paragraph that follows paragraph 31 of the Complaint, including each claim asserted therein for relief under each of the statutes referenced in this "prayer for relief."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Brown is not entitled to recover on any claim for relief in Count I of this action because J&R have substantially complied with all applicable legal requirements set forth in Title III of the ADA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. Brown is not entitled to recover on any claim for relief in Count I of this action because, if there existed in the Properties any architectural barriers within the meaning of the ADA, remediation of such architectural barriers was not readily achievable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Brown lacks standing to assert a claim for relief against J&R in this matter because he has not suffered an injury in fact.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Brown is not entitled to recover on any claim for relief in Count II of this action because he has not been subject to any discrimination in his civil rights within the meaning of NYCRL, § 40-c.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37. Brown is not entitled to recover on any claim for relief in Count II of this action because he failed to serve notice of this action on the Attorney General of the State of New York as required by NYCRL, § 40-d.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38. Brown is not entitled to recover attorneys fees, costs (including expert fees), and other expenses of suit for any alleged violation of Title III of the ADA, as asserted in Count I of this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39. Brown is not entitled to recover attorney's fees, costs, and expenses of suit for any alleged violation of the NYCRL, as asserted in Count II of this action.

WHEREFORE, J&R requests that the Court dismiss the Complaint in its entirety, and that the Court enter judgment in favor of J&R along with an award of attorney's fees and costs in accordance with prevailing law and the provisions of Rule 11 of the Federal Rules of Civil Procedure.

Dated: New York, New York
      May 22, 2008

                                      MOSS & BORIS, P.C.

                                      Counsel for Defendant

                                      */s/ Neal Haber*

                                      Neal D. Haber, Esq. (NH-4118)
                                      708 Third Avenue
                                      6th Floor
                                      New York, New York 10017
                                      (212) 209-3898
                                      nhaber@mossboris.com